## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal Case No. 1:22-cr-251 (ABJ)** |
| | : | |
| **LINWOOD ALAN ROBINSON, SR.,** | : | |
| **LINWOOD ALAN ROBINSON II,** | : | **MJ Case No. 1:22-mj-110 (RMM)** |
| **BENJAMIN ROBINSON,** | : | |
| **and** | : | |
| **BRITTANY ROBINSON,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## MOTION FOR RULE 44 INQUIRY

The United States of America respectfully moves this Court to conduct a Rule 44 hearing to determine whether there is good cause to believe that no conflict of interest is likely to arise as a result of the joint and simultaneous representation of co-defendants Linwood Alan Robinson Sr., Linwood Alan Robinson II, Benjamin Robinson, and Brittany Robinson by defense counsel William Shipley.

Under Federal Rule of Criminal Procedure 44, when two or more defendants are "represented by the same counsel" while "charged jointly under Rule 8(b)," the Court must "promptly inquire about the propriety of joint representations and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation." Fed. R. Crim. P. 44(c)(1)-(2). The Court "must" then "take appropriate measures to protect each defendant's right to counsel," unless the Court finds there "is good cause to believe that no conflict of interest is likely to arise." Fed. R. Crim. P. 44(c)(2). The government believes a Rule 44 hearing is necessary to ensure the record is clear on this potential conflict, and seeks such a hearing now, well in advance of any potential trial date in this case.

Similar joint representations have been attempted in other Capitol Siege cases much like this one.   In *United States v. Lesperance, et al.*, No. 21-cr-575 EGS, for example, attorney John Pierce jointly represents all three codefendants.   *See Notice of Appearance*, *id*. at Dkt. 11 (filed Dec. 20, 2021). To address the myriad possible conflicts resulting from that joint representation, Judge Sullivan appointed separate conflict counsel who conducted an investigation, including interviews with the three co-defendants and Mr. Pierce, to assess the likelihood of a conflict arising and recommend appropriate action by the court.   *See Status Report*, *id*. at Dkt. 8 (filed Dec. 10, 2021).   There, the Court appointed separate conflict counsel for each defendant "to speak with each defendant separately about pros and cons of waiver" in advance of a colloquy with each defendant by the Court itself.   *See Minute Entry*, *id.* (entered May 11, 2022).

In two other similar cases, Mr. Shipley himself represents multiple co-defendants, and proceedings under Rule 44 are underway.   *See United States v. Jackman, et al.*, No. 21-CR-378-TJK (representing co-defendants Kevin Tuck and Nathaniel Tuck, *see* Dkt. Nos. 89, 90); *see also United States v. Westbury, et al.*, No. 21-cr-605-RC (representing co-defendants Isaac Westbury and Robert Westbury, *see* Dkt. No. 61).   Proceedings in both cases to address the conflict of counsel are underway and unresolved.

In this case, the Government would be amenable to a process similar to that employed in *Lespreance*, *Jackman*, and *Westbury*, in which the Court could first appoint conflict counsel to conduct an investigation and prepare a report and recommendation; followed by appointment of separate counsel for each defendant to assist their assessment and understanding of a knowing and intelligent waiver of the right to conflict-free counsel; followed then by a Rule 44 hearing at which this Court would conduct its own colloquy with each defendant.

The United States inquired with William Shipley, counsel for the defendants, on July 13,

2022 and again on July 18, 2022, to determine his position on this motion.  At this time, Mr. Shipley has not responded to indicate his position.

WHEREFORE, the United States respectfully requests an order granting the Rule 44 inquiry, appointing a conflict attorney, and allowing that attorney to have direct communication with each of the defendants and Mr. Shipley.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     /s/ *Emily W. Allen*
EMILY W. ALLEN, Cal. Bar No. 234961
ANTHONY FRANKS, MO Bar No. 50217
Assistant United States Attorneys
601 D Street N.W.
Washington, D.C. 20530
emily.allen@usdoj.gov
(907) 271-4724